Sociedad Anónima des Sucreries de Saint Jean, Demandante y Apelante *v.* Figuerola, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre *injunction.*

No. 1948.—Resuelto en mayo 27, 1919.

Injunction—Molienda de Cañas—Venta y Entrega de Cañas.—Cuando una parte que se dice perjudicada por el incumplimiento de un supuesto convenio verbal sobre molienda de cañas acude al recurso de *injunction* con objeto de impedir al demandado la venta y entrega de cañas a una tercera persona, es su deber demostrar que tiene un derecho claro a obtener el remedio extraordinario.

Los hechos están expresados en la opinión.

Abogado del demandante y apelante: *Sr. Lorenzo Jiménez García.*

Abogado del demandado y apelado: *Sr. Francisco González.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En un procedimiento fundado en un supuesto contrato de molienda de cañas entablado por la Central Saint Jean para impedir la entrega de ciertas cañas a otra competidora y para obligar al demandado al exacto cumplimiento (*specific performance*) del supuesto contrato de molienda, la corte inferior, al sostener que para que se justifique el remedio solicitado debe mostrar la demandante un derecho claro para obtenerlo, estimó no haberse probado satisfactoriamente las alegaciones esenciales de la demanda y en su consecuencia la declaró sin lugar.

La parte apelante alega que la corte consideró, impropiamente, rescindido el contrato de molienda de cañas, base de la solicitud de *injunction;* y que la sentencia es contraria a la prueba.

Sólo dos testigos declararon por parte de la demandante, a saber: su representante y apoderado y el propio demandado. La defensa no presentó prueba alguna, sino que adoptó como suya la declaración del demandado llamado a de-

clarar como testigo de la demandante. En la contestación se alega la venta de la caña y el incumplimiento por parte de la compradora. El testimonio del apoderado de la demandante propendía a demostrar la existencia de un contrato de molienda de cañas, tal como se alegó en la demanda. El otro testigo declaró sobre un simple convenio de compraventa después de inspeccionar y probar las cañas, junto con una disposición incondicional para su entrega durante el mes de marzo y la negativa a aceptar dicha entrega. La única prueba documental aportada en este caso, y que consiste de cierta correspondencia posterior al aviso verbal original que le diera la demandante al demandado para que suspendiese el corte y entrega de las cañas, no es totalmente incompatible con la teoría de la defensa la cual, como se deja dicho, está sostenida por el testimonio del demandado al declarar como testigo de la demandante.

La ley referente a "Contratos de Refacción Agrícola y Molienda de cañas, y para otros fines" concede a la central varios privilegios y ventajas de que no goza el comprador por virtud de un contrato corriente de compraventa. Los contratos sobre molienda de cañas, si se consignaren por escrito, pueden ser anotados en el registro ora se consignen en documento público, ora en un documento privado. Por los términos expresos del estatuto pueden ser ejecutoriados en virtud de mandamiento judicial, pero deben contener "los términos y condiciones estipulados por las partes."

El incorporar esos términos y condiciones en un contrato escrito es una cosa muy sencilla, y estamos de acuerdo con el juez sentenciador en que cuando una central solicita se dicte una orden para impedir la venta y entrega de cañas a otra rival suya y para obligar al demandado al exacto cumplimiento (speficic performance) de un supuesto convenio verbal sobre molienda de cañas es su deber mostrar que tiene un derecho claro a obtener ese remedio extraordinario.

En el presente caso, después de haber examinado minu-

ciosamente los autos en su totalidad, no encontramos aquel manifiesto error que se requiere para revocar la sentencia recurrida, la cual es de confirmarse.

*Confirmada la sentencia.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.